J-A14034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TINA SUE MCKAHAN | : | No. 10 WDA 2019 |

Appeal from the Suppression Order Entered November 28, 2018
In the Court of Common Pleas of Greene County Criminal Division at
No(s): CP-30-CR-0000096-2018

BEFORE: OTT, J., KUNSELMAN, J., and MUSMANNO, J.

DISSENTING MEMORANDUM BY KUNSELMAN, J.:**FILED OCTOBER 16, 2019**

I respectfully dissent from the Majority's decision herein. In my view, the trial court correctly determined that the search warrant, as issued, was overly broad because it sought all of McKahan's medical records rather than simply her blood alcohol content ("BAC") report. This over-breadth rendered the search unconstitutional.[1] Thus, I disagree with the Majority's reversal of the suppression order.

Article 1, Section 8 of the Pennsylvania Constitution, like its federal counterpart, secures the right to be free from unreasonable searches:

> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or thing shall

_____

[1] We note that McKahan challenged the search and seizure and admission of the BAC evidence under both the Pennsylvania and United States Constitution. **See** McKahan's Omnibus Pre-trial Motion at 2.

issue ***without describing them as nearly as may be***, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

Pa. Const. Art. 1, § 8 (emphasis added).

However, Pennsylvania courts have interpreted this constitutional provision to require greater specificity in warrants of the items sought to be seized than is required under the Fourth Amendment to the United States Constitution. As our Supreme Court has explained:

> The framers of the Pennsylvania Constitution thought the right to be free from unrestricted police intrusions so critical that they secured the right for future generations by including it in the original Constitution of 1776. The language of the Pennsylvania Constitution requires that a warrant describe the items to be seized "as nearly as may be . . . ." The clear meaning of the language is that a warrant must describe the items ***as specifically as is reasonably possible***. This requirement is more stringent than that of the Fourth Amendment, which merely requires particularity in the description. The Pennsylvania Constitution further requires the description to be as particular as is reasonably possible.

***Commonwealth v. Grossman***, 555 A.2d 896, 899 (Pa. 1989).

Thus, in assessing the validity of the description contained in a warrant, a court in this Commonwealth must initially determine for what items probable cause existed. ***Id***. at 900. The sufficiency of the description must then be measured against those items for which there was probable cause. ***Id***. An unreasonable discrepancy reveals that the description was not as specific as was reasonably possible. ***Id***. Thus, any unreasonable discrepancy between the items for which there was probable cause and the description in the warrant requires suppression. ***Id***.

In **Grossman**, law enforcement applied for a warrant to search for certain client files maintained by the owner of an insurance agency who had an extensive clientele of over 2000 active cases. The affidavit of probable cause detailed complaints about the agency that were filed by three of its clients. However, the warrant, as issued, authorized law enforcement to search "[a]ll insurance files, payment records, receipt records, copies of insurance applications and policies, [and] cancelled checks." **Id**. at 897. Consequently, the police seized virtually every file and business record in the agency's offices.

In reviewing the matter, our Supreme Court ruled that, "while probable cause existed for the three named files[,] there was not probable cause as to the other files in [a]ppellant's offices." **Id**. at 900. It therefore ruled that the warrant authorizing the seizure of "all files" was unconstitutionally overbroad in its failure to describe as specifically as was reasonably possible the three files described in the affidavit for which there was probable cause, and that all evidence seized as a result of the deficient warrant should have been suppressed. **Id**.

Here, there is no question that probable cause existed for McKahan's BAC report. However, the warrant did not specify that the BAC report was the object of the search. Rather, it broadly sought:

All medical records of every nature pertinent in any way to any medical treatment rendered on behalf of . . . McKahan . . . since 1/29/2018, including, but not limited to, copies of the following; 1) All clinical reports, 2) Results of all laboratory tests, 3) All notes,

correspondence, or records of any nature made by any physicians, nurses, or any other persons concerning . . . McKahan's condition or . . . McKahan's treatment.

N.T. Suppression, 8/30/18, at 55. In my view, this description was not "as specifically as is reasonably possible." ***Grossman***, 555 A.2d at 899. Indeed, due to its over breadth, the warrant permitted police to obtain 138 pages of McKahan's medical records, which would naturally include wholly irrelevant and very private information. Given that the warrant in question was unconstitutionally overbroad in its failure to describe as specifically as was reasonably possible the BAC report for which there was probable cause, all evidence seized as a result of the deficient warrant should have been suppressed.

While Pennsylvania recognizes certain exceptions to the warrant requirement, the Commonwealth claims no exception to support this seizure. Nevertheless, the Majority seems to have created one. It concludes that "[t]hough Trooper Broadwater should not have phrased the search warrant to pertain to 'all' of McKahan's medical records, ***this was merely inartful drafting***, and does not render the warrant unlawful." Majority Memorandum at 7 (emphasis added). On this basis, the Majority reverses the suppression court.

The Majority cites no authority permitting an exception to the specificity requirement for warrants based on "inartful drafting." Indeed, every overly broad search warrant would arguably be inartfully drafted. Under our

- 4 -

constitutional precedents, what the trooper did or did not intend, or how he, in hindsight, should have phrased the proposed warrant, are inquiries we may not undertake. *See Commonwealth v. Edmunds*, 586 A.2d 887, 901 (Pa. 1991) (holding that Pennsylvania does not recognize a "good faith" exception to the exclusionary rule for evidence seized as a result of a constitutionally defective warrant, and noting that, "[f]rom the perspective of the citizen whose rights are at stake, an invasion of privacy, in good faith or bad, is equally as intrusive"). We simply assess the warrant, as issued, to determine whether there is an unreasonable discrepancy between the items for which there was probable cause and the description in the warrant. *Grossman*, 555 A.2d at 900. In this case, the discrepancy was unreasonable; hence, the warrant was unconstitutionally overbroad. For this reason, I would affirm the suppression order.